NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES HENRY GREEN,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>ROMEO ARANAS; RENE BAKER;<br>JAMES COX; MICHAEL KOEHN; JON<br>GARDNER,<br><br>    Defendants-Appellees. | No. 22-16926<br><br>D.C. No. 3:14-cv-00245-RCJ-CSD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted January 22, 2025[**]

Before:    CLIFTON, CALLAHAN, and BENNETT, Circuit Judges.

Nevada state prisoner James Henry Green appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and retaliation.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo the district court's ruling on cross-motions for summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment for defendant Koehn on Green's deliberate indifference claims because Green failed to show that he exhausted the issue of the discontinuation of his prescription lotions to the highest level, and Green failed to raise a genuine dispute of material fact as to whether Koehn was aware of any contamination of Green's prescription lotions. *See Ross v. Blake*, 578 U.S. 632, 642-44 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing suit); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (explaining that prison officials act with deliberate indifference only if they know of and disregard an excessive risk to the prisoner's health).

The district court properly granted summary judgment for defendant Koehn on Green's retaliation claim because Green failed to raise a genuine dispute of material fact as to whether Koehn discontinued Green's prescription lotions because of Green's complaints. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth elements of a retaliation claim in the prison context).

**AFFIRMED.**